1  Christopher C. Saldaña, Esq. (SBN 269456)
2  chris@shewrysaldanalaw.com
   Carolyn A. Stiffler, Esq. (SBN 297861)
3  carolyn@shewrysaldanalaw.com
4  **SHEWRY & SALDAÑA, LLP**
   402 West Broadway, Suite 950
5  San Diego, California 92101
6  Telephone: (619) 233-8824
   Facsimile:  (619) 233-1002
7
8  *Attorneys for Plaintiff, Cheryl Olsen*

9
               **UNITED STATES DISTRICT COURT**
10             **CENTRAL DISTRICT OF CALIFORNIA**
11             **WESTERN DIVISION – LOS ANGELES**

12

13  CHERYL OLSEN, individually and on          Case No.: _____
    behalf of all others similarly situated,
14
15              Plaintiff,
    v.
16                                             **CLASS ACTION COMPLAINT**

17  CALIFORNIA BUSINESS BUREAU,                **FOR VIOLATIONS OF THE FAIR**
    INC., a California Corporation;            **DEBT COLLECTION PRACTICES**
18  MICHAEL J. SIGAL, individually and         **ACT AND ROSENTHAL FAIR**
    in his official capacity as President of   **DEBT COLLECTION PRACTICES**
19  CALIFORNIA BUSINESS BUREAU,                **ACT**
20  INC.; MICHAEL CHEEK, individually          **DEMAND FOR JURY TRIAL**
    and in his official capacity as Vice-
21  President of  CALIFORNIA BUSINESS
    BUREAU, INC.; FRANKLIN J. LOVE,
22  individually; and DOES 1-1000,
23
24              Defendants.
25

26      Plaintiff, CHERYL OLSEN, individually and on behalf of all others similarly

27  situated, by way of this Complaint against the Defendants, CALIFORNIA

28  BUSINESS BUREAU, INC. ("CBB"), MICHAEL J. SIGAL ("SIGAL"),

MICHAEL CHEEK ("CHEEK"), FRANKLIN J. LOVE ("LOVE"), and DOES 1-1000 (collectively, "Defendants"), says:

## I. PARTIES

1.      Plaintiff is a natural person.

2.      At all times relevant to this complaint, Plaintiff resided within, the City of Santa Clarita, Los Angeles County, California, and is a citizen of the State of California.

3.      On information and belief, at all times relevant to this complaint CBB is a for-profit corporation formed in and pursuant to the laws of the State of California.

4.      CBB maintains its principal business address at 1711 South Mountain Avenue, City of Monrovia, Los Angeles County, California.

5.      On information and belief, at all times relevant to this complaint, SIGAL is a citizen of, and resided within, the City of Temecula, Riverside County, California.

6.      On information and belief, at all times relevant to this complaint, CHEEK is a citizen of, and resided within, the City of Arcadia, Los Angeles County, California.

7.      On information and belief, at all times relevant to this complaint, LOVE is a citizen of, and resided within, the City of West Covina, Los Angeles County, California.

8.      Defendants, DOES 1-1,000 inclusive, are sued under fictitious names as their true names and capacities are presently unknown to Plaintiff. Plaintiff will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

9.      On information and belief, DOES 1-1,000 inclusive are natural persons and/or business entities all of whom reside or are located within the United States and personally engaged in, created, instituted, and with knowledge that such

1  practices were contrary to law, engaged in, acted consistent with, and/or oversaw

2  the illegal policies and procedures used by the Defendants and their agents or

3  employees that are the subject of this lawsuit. The DOES are personally liable for

4  all the wrongdoing alleged in this lawsuit

5  ## II. JURISDICTION & VENUE

6  10.    With respect to Plaintiff's claims under the FDCPA, jurisdiction of this

7  Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8  11.    Supplemental jurisdiction for Plaintiff's state law claims arises under

9  28 U.S.C. § 1367.

10  12.    Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201,

11  2202.

12  13.    Venue is appropriate in this federal district pursuant to 28 U.S.C.

13  § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims

14  occurred within this federal judicial district, and because all the Defendants reside

15  in the State of California within the meaning of 28 U.S.C. § 1391(b) and (c).

16  ## III. PRELIMINARY STATEMENT

17  14.    Plaintiff, individually and on behalf of all others similarly situated, and

18  demanding a trial by jury, brings this action for the conduct of the Defendants in

19  connection with their attempts to collect alleged debts from the Plaintiff and others

20  in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.

21  § 1692, *et seq.*, and the California Rosenthal Fair Debt Collection Practices Act

22  ("RFDCPA"), Cal. Civ. Code § 1788, *et seq*.

23  15.    The FDCPA regulates the behavior of collection agencies attempting

24  to collect a debt on behalf of another. The United States Congress has found

25  abundant evidence of the use of abusive, deceptive, and unfair debt collection

26  practices by many debt collectors, and has determined that abusive debt collection

27  practices contribute to a number of personal bankruptcies, marital instability, loss of

28  jobs, and invasions of individual privacy. Congress enacted the FDCPA to

CLASS ACTION COMPLAINT & JURY DEMAND

1   eliminate abusive debt collection practices by debt collectors, to ensure that those

2   debt collectors who refrain from using abusive debt collection practices are not

3   competitively disadvantaged, and to promote uniform State action to protect

4   consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

5        16.    The FDCPA is a strict liability statute, which provides for actual or

6   statutory damages upon the showing of one violation. The Ninth Circuit has held

7   that whether a debt collector's conduct violates the FDCPA should be judged from

8   the standpoint of the "least sophisticated debtor." *Baker v. G.C. Services Corp.*, 677

9   F.2d 775, 778 (9th Cir. 1982).

10        17.    To prohibit harassment and abuses by debt collectors the FDCPA, at

11   15 U.S.C. § 1692d, provides that a debt collector may not engage in any conduct

12   the natural consequence of which is to harass, oppress, or abuse any person in

13   connection with the collection of a debt and names a non-exhaustive list of certain

14   *per se* violations of harassing and abusive collection conduct. 15 U.S.C.

15   § 1692d(1)-(6). Among the *per se* violations is the placement of telephone calls

16   without meaningful disclosure of the caller's identity, 15 U.S.C. § 1692d(6).

17        18.    To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e,

18   outlaws the use of false, deceptive, and misleading collection letters and names a

19   non-exhaustive list of certain *per se* violations of false and deceptive collection

20   conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations are: using any

21   false representation or deceptive means to collect or attempt to collect any debt or

22   to obtain information concerning a consumer, 15 U.S.C. § 1692e(10); and the

23   failure by debt collectors to disclose in initial oral communications that the debt

24   collector is attempting to collect a debt and that any information obtained will be

25   used for that purpose, and the failure to disclose in subsequent oral communications

26   with consumers that the communication is from a debt collector, 15 U.S.C.

27   § 1692e(11).

28   / / /

**CLASS ACTION COMPLAINT & JURY DEMAND**

1    19.    The RFDCPA regulates collection agencies and original creditors

2   attempting to collect debts on her own behalf. The California legislature has

3   determined that the banking and credit system and grantors of credit to consumers

4   are dependent upon the collection of just and owing debts and that unfair or

5   deceptive collection practices undermine the public confidence that is essential to

6   the continued functioning of the banking and credit system and sound extensions of

7   credit to consumers. The California legislature has further determined that there is a

8   need to ensure that debt collectors exercise their responsibility with fairness,

9   honesty, and due regard for the debtor's rights and that debt collectors must be

10   prohibited from engaging in unfair or deceptive acts or practices.

11    20.    Plaintiff, individually and on behalf of all others similarly situated,

12   seeks statutory damages, attorney fees, costs, and such other relief, whether

13   equitable or legal in nature, as deemed appropriate by this Court pursuant to the

14   FDCPA and RFDCPA. Plaintiff does not, however, seek actual damages on behalf

15   of the Class..

16    21.    This case involves money, property, or other equivalent, due or owing

17   or alleged to be due or owing from natural persons by reason of consumer credit

18   transactions.  As such, this action arises out of "consumer debts" and "consumer

19   credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

**IV.  FACTUAL ALLEGATIONS**

20

21    22.    CBB regularly collects, and attempts to collect, debts incurred, or

22   alleged to have been incurred, for personal, family, or household purposes on behalf

23   of creditors using interstate commerce or the mails.

24    23.    CBB's principal purpose is the collection of such debts.

25    24.    On information and belief, SIGAL is a principal owner, officer,

26   director, and/or shareholder of CBB.

27    25.    On information and belief, SIGAL attempts to collect debts incurred,

28   or alleged to have been incurred, for personal, family, or household purposes on

**CLASS ACTION COMPLAINT & JURY DEMAND**

1    behalf of creditors using the U.S. Mail, telephone, and Internet.

2         26.    On information and belief, SIGAL personally implemented, and with

3    knowledge such practices were contrary to law, engaged in, acted consistent with,

4    managed, and oversaw all of the illegal policies and procedures complained of

5    herein used by himself, CHEEK, LOVE, other CBB employees, and the DOE

6    Defendants.

7         27.    On information and belief, CHEEK is an owner, officer, director,

8    and/or shareholder of CBB.

9         28.    On information and belief, CHEEK attempts to collect debts incurred,

10   or alleged to have been incurred, for personal, family, or household purposes on

11   behalf of creditors using the U.S. Mail, telephone, and Internet.

12        29.    On information and belief, CHEEK personally implemented, and with

13   knowledge such practices were contrary to law, engaged in, acted consistent with,

14   managed, and oversaw all of the illegal policies and procedures complained of

15   herein used by himself, SIGAL, LOVE, other CBB employees, and the DOE

16   Defendants.

17        30.    LOVE is an attorney licensed to practice law in the State of California

18   and he regularly attempts to collect debts incurred, or alleged to have been incurred,

19   for personal, family, or household purposes on behalf of creditors using the U.S.

20   Mail, telephone, and Internet.

21        31.    On information and belief, LOVE personally implemented, and with

22   knowledge such practices were contrary to law, engaged in, acted consistent with,

23   managed, and oversaw all of the illegal policies and procedures complained of

24   herein used by himself, SIGAL, CHEEK, other CBB employees, and the DOE

25   Defendants.

26        32.    Plaintiff allegedly incurred a financial obligation to Henry Mayo

27   Newhall Memorial Hospital for medical services that were for personal, family, or

28   household purposes and defaulted on that obligation ("Debt").

-6-

**CLASS ACTION COMPLAINT & JURY DEMAND**

33.    On or about June 16, 2015, Defendants commenced an action ("State Action") in Superior Court of California, Los Angeles County, Chatsworth Courthouse entitled *California Business Bureau, Inc. vs. Cheryl Olsen, et al.,* and designated in that court by No. 15A09413 by filing a complaint ("Collection Complaint").

34.    The Collection Complaint alleged, among other things, Henry Mayo Newhall Mem Hosp ("Assignor") had assigned to CNN for collection all right, title, and interest in and to a claim against Plaintiff for payment on an open book account for medical services furnished by Assignor to Plaintiff.

35.    On information and belief, Crystal Avila is an employee of one or more of the Defendants.

36.    On April 3, 2017, Crystal Avila executed a Proof of Service which was filed in the Collection Action. The Proof of Service stated that, on April 3, 2017, Plaintiff was served with a "Declaration in Lieu of Personal Testimony at Trial, CCP 98" ("Declaration") by placing a copy of that Declaration in a sealed envelope, postage prepaid, and mailed by U.S. Mail to Plaintiff.

37.    The Declaration stated that it was made by Kamala Hagen as the "Business Office Representative" for the Assignor.

38.    Attached to the Declaration are seven exhibits ("Exhibits"), each of which is described in the Declaration.

39.    On or about April 3, 2017, Defendants filed the Declaration with Exhibits in the Collection Action making their contents public record.

40.    Defendants filed the Declaration with Exhibits in an attempt to collect the Debt from Plaintiff.

41.    None of the Exhibits were redacted.

42.    The Exhibits include descriptions of administered prescription medications, medical procedures, and laboratory and diagnostic tests (collectively, "Protected Health Information" or "PHI").

**CLASS ACTION COMPLAINT & JURY DEMAND**

43.    The PHI is sensitive personal information which Plaintiff, reasonable
people, and the least sophisticated consumer would consider highly confidential.

44.    None of the PHI was necessary to be included in Defendants' evidence
to prove the claims asserted in the Collection Complaint and, to the extent the
Exhibits may have been necessary, the PHI could have been readily redacted.

45.    Defendants knew or should have known the PHI was unnecessary to
proving the claims asserted in the Collection Complaint and disclosed confidential,
personal information about Plaintiff's medical condition and treatment.

46.    Defendants' disclosure of the PHI was an harassing, abusive, unfair,
and unconscionable means used in an attempt to collect the Debt.

47.    The publication of the PHI into a public forum such as the records of
the Superior Court of California has caused Plaintiff emotional distress.

## V.  POLICIES AND PRACTICES COMPLAINED OF

48.    HIPAA's Privacy Rule sets a national standard for the protection of
individuals' medical records and other personal health information.

49.    HIPAA's Privacy Rule is found in Part 150 in Title 45 of the Code of
Federal Regulations.

50.    HIPAA's Privacy Rule prohibits both the use and disclosure of an
individual's health information except to the extent the Rule permits or requires use
or disclosure. 45 C.F.R. §164.502(a).

51.    HIPAA's Privacy Rule to health care providers including, on
information and belief, the Assignor and the other assignors who assign medical
debts to Defendants for collection.

52.    As covered entities, the Assignor and those other assignors, cannot
lawfully disclose protected health information to Defendants unless Defendants fall
within the definition of a "business associate" and, to be a business associate,
Defendants must have agreed in writing to certain terms mandated by HIPAA's
Privacy Rule including, among others, to maintain the same level of confidentiality

1  as the assignors.

2       53.    Even when HIPAA's Privacy Rule permits the use or disclosure of

3  protected health information, covered entities and their business associates must

4  make reasonable efforts to limit protected health information to the minimum

5  necessary to accomplish the intended purpose of such use or disclosure.

6       54.    It has been Defendants' policy and practice to take assignments from

7  hospitals and other health care providers of debts alleged to be owed for health-

8  related services, to sue in CBB's own name, and to publish unredacted records by

9  filing them in the Superior Court of California in actions brought to collect such

10  debts which records unnecessarily contain protected health information concerning

11  the consumer or debtor sued in the collection action.

12       55.    Consistent with Defendants' policy and practice, they unnecessarily

13  published Plaintiff's PHI in their attempt to collect the Debt.

## VI.  CLASS ALLEGATIONS

15       56.    This action is brought as a class action. Plaintiff brings this action

16  individually and on behalf of all other persons similarly situated pursuant to Rule

17  23 of the Federal Rules of Civil Procedure.

18       57.    Subject to discovery and further investigation which may cause

19  Plaintiff to modify the following class definition to be more inclusive or less

20  inclusive, Plaintiff define the "**Class**" as: Subject to the exclusions in the following

21  paragraph, the Class consists of all persons sued in an action commenced in the

22  Superior Court of California where (a) the complaint named California Business

23  Bureau, Inc. ("CBB") as the plaintiff and alleged a claimed debt assigned to CBB

24  for medical services, and (b) CBB filed documents or records which described

25  either administered prescription medications, medical procedures, laboratory tests,

26  or diagnostic tests.

27  / / /

28  / / /

-9-

**CLASS ACTION COMPLAINT & JURY DEMAND**

58.    Excluded from the Class are persons who, prior to the date this action
is certified to proceed as a class action, either:

      (a)  died,

      (b)  obtained a discharge in bankruptcy,

      (c)  commenced an action in any court against Defendant alleging a
           violation of the Fair Debt Collection Practices Act,

      (d)  signed a general release of claims against Defendant, or

      (e)  is a Judge assigned to this case or a member of such Judge's staff
           or immediate family.

59.    The identities of the members of the Class are readily ascertainable
from the records of CBB and those companies and governmental entities on whose
behalf CBB attempts to collects debts.

60.    Subject to discovery and further investigation which may cause
Plaintiff to modify the following definition of the "Class Claims" to be more
inclusive or less inclusive, Plaintiff defines the Class Claims as claims arising under
the FDCPA and RFDCPA from Defendants' placement into the public records of
the Superior Court of California medical records describing administered
prescription medications, medical procedures, laboratory tests, or diagnostic tests.
Based on discovery and further investigation (including, but not limited to,
Defendants' disclosure of class size and net worth), Plaintiff may, in addition to
moving for class certification using modified definitions of the Class and Class
Claims, seek class certification only as to particular issues except claims by
member of any class for actual damages as permitted under Fed. R. Civ. P. 23(c)(4).

61.    This action has been brought, and may properly be maintained, as a
class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil
Procedure because there is a well-defined community interest in the litigation:

      (a)  **Numerosity:** On information and belief, the Class is so numerous
           that joinder of all members would be impractical and contain at

**CLASS ACTION COMPLAINT & JURY DEMAND**

1 | least 40 members.

2 | (b) **Common Questions Predominate:** Common questions of law
3 | and fact exist as to all members of the Class and those questions
4 | predominate over any questions or issues involving only
5 | individual class members. The principal issues are: whether the
6 | Defendants' placement of medical records into the public records
7 | of the Superior Court of California violates the FDCPA and the
8 | RFDCPA.

9 | (c) **Typicality:** Plaintiff's claims are typical of the claims of the class
10 | members. Plaintiff and all members of the Class have claims
11 | arising out of Defendants' common uniform course of conduct
12 | alleged in this Complaint.

13 | (d) **Adequacy:** Plaintiff will fairly and adequately protect the
14 | interests of the class members insofar as Plaintiff has no interests
15 | that are averse to the absent class members. Plaintiff is committed
16 | to vigorously litigating this matter. Plaintiff has also retained
17 | counsel experienced in handling consumer lawsuits, complex
18 | legal issues, and class actions. Neither Plaintiff nor her counsel
19 | have any interests which might cause them not to vigorously
20 | pursue the instant class action lawsuit.

21 | (e) **Superiority:** A class action is superior to the other available
22 | means for the fair and efficient adjudication of this controversy
23 | because individual joinder of all members would be
24 | impracticable. Class action treatment will permit a large number
25 | of similarly situated persons to prosecute their common claims in
26 | a single forum efficiently and without unnecessary duplication of
27 | effort and expense that individual actions would engender. An
28 | important public interest will be served by addressing the matter

-11-

**CLASS ACTION COMPLAINT & JURY DEMAND**

1    as a class action, substantial expenses to the litigants and to the

2    judicial system will be realized, and the potential inconsistent or

3    contradictory adjudications will be avoided as contemplated by

4    Rule 23(b)(1) of the Federal Rules of Civil Procedure.

5        62.    Depending on the outcome of further investigation and discovery,

6    Plaintiff may, at the time of their class certification motion: (i) seek to modify the

7    definition of the Class to be more inclusive or less inclusive; (ii) seek to modify the

8    definition of the Class Claims to be more/less inclusive; (iii) seek certification only

9    as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4); and/or (iv) seek

10   to amend this Complaint to allege additional claims or causes of action arising from

11   Defendants' conduct, policies, and practices alleged in this Complaint.

12

## VII.  FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## (AGAINST ALL DEFENDANTS)

15       63.    Plaintiff realleges and incorporates by reference the allegations in the

16   preceding paragraphs of this Complaint.

17       64.    The Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

18       65.    Plaintiff is, at all times relevant to this complaint, a "consumer" as that

19   term is defined by 15 U.S.C. § 1692a(3).

20       66.    CBB is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

21       67.    SIGAL is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

22       68.    CHEEK is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

23       69.    LOVE is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

24       70.    Each DOE is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

25       71.    The Collection Complaint is a "communication" as defined by 15

26   U.S.C. § 1692a(2).

27       72.    Defendants' conduct violated the FDCPA including, but are not

28   limited to, 15 U.S.C. §§ 1692d, 1692e, or 1692f.

-12-

**CLASS ACTION COMPLAINT & JURY DEMAND**

73.     Defendants' conduct, together with the reasonable inferences from them, invaded Plaintiff's rights protected under the FDCPA, the invasion of which caused injury-in-fact.

74.     Based on any one violation of the FDCPA, each Defendant is liable to Plaintiff for damages (including any proven actual damages and additional damages), to the Class for additional damages, and reasonable attorneys' fees (including litigation expenses), and costs, as allowed under 15 U.S.C. § 1692k.

## VIII.  SECOND CAUSE OF ACTION
## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## (AGAINST ALL DEFENDANTS)

75.     Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

76.     CBB is, at all times relevant to this complaint, engaged in the act and/or practice of "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

77.     CBB is, at all times relevant to this complaint, a "debt collector" as defined by Cal. Civ. Code §1788.2(c).

78.     SIGAL is, at all times relevant to this complaint, engaged in the act and/or practice of "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

79.     SIGAL is, at all times relevant to this complaint, a "debt collector" as defined by Cal. Civ. Code §1788.2(c).

80.     CHEEK is, at all times relevant to this complaint, engaged in the act and/or practice of "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

81.     CHEEK is, at all times relevant to this complaint, a "debt collector" as defined by Cal. Civ. Code §1788.2(c).

/ / /

**CLASS ACTION COMPLAINT & JURY DEMAND**

82.    LOVE is, at all times relevant to this complaint, engaged in the act

and/or practice of "debt collection" as that term is defined by Cal. Civ. Code

§1788.2(b).

83.    LOVE is, at all times relevant to this complaint, a "debt collector" as

defined by Cal. Civ. Code §1788.2(c).

84.    Defendants' conduct was in connection with the collection of a "debt"

as defined by Cal. Civ. Code § 1788.2(d).

85.    The Debt is a "debt" as defined by Cal. Civ. Code § 1788.2(d).

86.    Plaintiff is, at all times relevant to this complaint, a "person" as that

term is defined by Cal. Civ. Code § 1788.2(g).

87.    Plaintiff is, at all times relevant to this complaint, a "debtor" as that

term is defined by Cal. Civ. Code § 1788.2(h).

88.    Defendants' conduct violated the RFDCPA including, but not limited

to, Cal. Civ. Code §§ 1788.10 and 1788.17.

89.    Based on any one violation of the RFDCPA, each Defendant is liable

to Plaintiff for damages (including any proven actual damages and additional

damages), to the Class for additional damages, and reasonable attorneys' fees

(including litigation expenses), and costs, as allowed under Cal. Civ. Code

§§ 1788.17 and 1788.30.

## IX.  PRAYER FOR RELIEF

90.    WHEREFORE, Plaintiff respectfully requests the Court enter

judgment in her favor and in favor of the Class as follows:

A.    **For the FIRST CAUSE OF ACTION:**

(1)    An order certifying that the First Cause of Action may be maintained as

a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and

appointing Plaintiff and the undersigned counsel to represent the Class

as previously set forth and defined above;

/ / /

-14-

1       (2)  An award of statutory damages for the Plaintiff and the Class pursuant

2             to 15 U.S.C. § 1692k(a)(B);

3       (3)  An award of actual damages for Plaintiff;

4       (4)  Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C.

5             § 1692k(a)(B)(3); and

6       (5)  An award of punitive damages;

7       (6)  For such other and further relief as may be just and proper.

8  B.     **For the SECOND CAUSE OF ACTION:**

9       (1)  An order certifying that the Second Cause of Action may be maintained

10            as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure

11            and appointing Plaintiff and the undersigned counsel to represent the

12            Class as previously set forth and defined above;

13       (2)  An award of actual damages for Plaintiff pursuant to Cal. Civ. Code

14            §1788.30(b);

15       (3)  An award of the statutory damages for Plaintiff and the Class pursuant

16            to Cal. Civ. Code §1788.30(b);

17       (4)  Declaratory relief adjudicating that Defendants' conduct complained of

18            herein violates the RFDCPA;

19       (5)  Attorney's fees, litigation expenses, and costs pursuant to Cal. Civ.

20            Code §1788.30(c), Cal. Code Civ. Proc. § 1021.5, and/or under the

21            substantial benefit and common fund doctrine in an amount to be

22            determined at trial; and

23       (6)  An award of punitive damages;

24       (7)  For such other and further relief as may be just and proper.

25  ///

26  ///

27  ///

28  ///

CLASS ACTION COMPLAINT & JURY DEMAND

1

# X.  JURY DEMAND

2      Plaintiff respectfully demands that this case be tried before a Jury.

3

4   Dated: April 2, 2018                          SHEWRY & SALDAÑA, LLP

5                                                 By *s/Christopher C. Saldaña*
                                                  Christopher C. Saldana, Esq.
6                                                 Attorneys for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-16-

1      Pursuant to this Court's Electronic Case Filing Administrative Policies and

2   Procedures Manual 2(f)(4), the electronic filer of this document certifies that the

3   content of the document is acceptable to all persons required to sign the document

4   and authority for filing has been provided by all signatories to this filing.

5

6                            /s/Christopher C. Saldaña
                               Christopher C. Saldaña

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CLASS ACTION COMPLAINT & JURY DEMAND**